IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOCKEY INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAMONT D. COOPER, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. <br> 1:24-cv-05294-TRJ |

### ORDER SCHEDULING MEDIATION

This case has been referred to the undersigned for purposes of conducting a mediation. (Doc. 31). The parties must appear before the undersigned on **August 19, 2025 at 10:00 a.m. via Zoom Videoconferencing**. The Court will contact counsel via e-mail approximately five (5) business days in advance of the mediation with further instructions and login credentials.

To maximize the potential for settlement of this case, the Court **ORDERS** the parties to comply with the following requirements before and during mediation:

### Before Mediation

1. **Mediation Brief**. Each party shall submit a short, informal, confidential, and *ex parte* memorandum to the undersigned no later than **5:00 p.m. on August 12, 2025**. Briefs should be sent by e-mail, directly to the undersigned's chambers at GANDml_RDC@gand.uscourts.gov. Briefs may not exceed **five (5) pages** in length

and should **not** be filed with the Clerk of Court. Briefs must contain the following information:

    a.    a concise, factual, **non-argumentative** recitation of the evidence that the party expects to produce at trial, together with the theory of recovery or defense;

    b.    an honest, introspective assessment of the strengths and weaknesses of the case;

    c.    the amount of fees and expenses incurred to date by the submitting party, along with a projected budget showing the anticipated fees and expenses necessary to take the case through dispositive motions and through trial;

    d.    a summary of settlement negotiations to date; and

    e.    an explanation of what, if any, impediments prohibit settlement of the case.

The mediation briefs must not include any generalized recitation of "historical" litigation disputes between the parties or any "finger pointing" or disparaging remarks directed at opposing counsel or the opposing party. Such commentary is not helpful in advancing the parties' goal to settle the case or the Court's goal to help them. Each party shall give notice to opposing counsel—without divulging the contents of the brief—that the brief has been submitted.

2.    **Evidence**. Each party shall identify, at most, three (3) depositions and five (5) documents most relevant to settlement for the Court's consideration and submit these depositions and documents as attachments to its mediation brief. Counsel must identify <u>which specific portions of the depositions are most relevant</u> to the

settlement conference. If the briefs rely on or reference a piece of evidence, the brief should clearly cite to the deposition or document containing the evidence by page number.

3. **Demands and Offers**. Mediations are often unproductive unless the parties have previously exchanged demands and offers and have made a serious effort to settle the case on their own. <u>At least 48 hours before the scheduled mediation</u>, the parties must negotiate and make a good faith effort to settle the case without the involvement of the Court. Any offers, rejections, and counteroffers shall be made in writing, but copies shall not be provided to the Court unless specifically requested.

4. **To expedite the mediation process, Judge Cannon will speak with counsel for each side by telephone prior to the mediation. The teleconference with Plaintiff's counsel is set for <u>August 14, 2025 at 11:00 a.m.</u>, and the conference with Defendant's counsel is set for <u>August 14, 2025 at 11:30 a.m.</u>**

<u>During Mediation</u>

5. **Party Representatives**. Every party must have a **representative with full authority to negotiate, approve, and enter into a binding agreement** present at mediation. For a private, uninsured party, that means a person with sufficient authority to settle the case in the amount of the opposing party's last offer or demand. An insured party—in addition to having present a representative with full authority to negotiate, approve, and enter into a binding agreement—also shall appear by a

representative of the insurer who is authorized to enter into a binding agreement up to the amount of the opposing party's last offer or demand. A governmental party shall appear by a representative authorized to enter into a binding agreement subject to approval by the relevant governing authority. *The Court expects to be advised as soon as possible if the attendance of any required person presents an undue burden or is otherwise infeasible.*

6. **Confidentiality**. The sole purpose of mediation is to facilitate settlement of this case. Mediation will be conducted in a manner to avoid prejudice to any party in the event settlement is not reached. All matters communicated to the undersigned in confidence will be kept confidential and will not be disclosed to any other party or to the presiding judges.

If the parties settle this matter between themselves prior to the scheduled mediation date, the parties should notify the undersigned by calling Chambers at (404) 215-1385 and by e-mail to GANDml_RDC@gand.uscourts.gov.

IT IS SO **ORDERED** on this 17th day of June 2025.

*/s/ R. Cannon*
REGINA D. CANNON
United States Magistrate Judge