IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Jockey International, Inc., *Plaintiff,* v. Lamont D. Cooper and Black Jockey Company, *Defendants*. | Case No. 1:24-cv-05294-TRJ |

**JOINT MOTION TO CONSOLIDATE AND FOR AMENDED CONSOLIDATED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiff Jockey International, Inc. ("Plaintiff" or "Jockey") and Defendants Lamont D. Cooper ("Cooper") and Black Jockey Company (collectively, "Defendants") (Plaintiff and Defendants collectively, the "Parties"), respectfully move the Court to consolidate the case styled *Cooper v. Jockey International, Inc.*, 1:25-cv-811-TRJ, with the above-captioned case and to enter an Amended Consolidated Scheduling Order.

Consolidation is appropriate because both cases seek *de novo* judicial review of a final decision from the Trademark Trial and Appeal Board (the "TTAB"), Opposition No. 9124336; the proceedings share common questions of fact and law;

1

consolidation will avoid the imposition of unnecessary costs on the Court and the Parties; and consolidation therefore serves the interests of justice and efficiency. As a result, and for the reasons set forth more fully below, all Parties respectfully request that the Court grant their Motion to Consolidate and enter an Amended Consolidated Scheduling Order.

## BACKGROUND

On May 22, 2019, Plaintiff filed a Notice of Opposition against Application Serial No. 87/863,113 for a mark owned by Lamont D. Cooper in connection with his company, Black Jockey Company, with the TTAB. The proceeding was instituted under Opposition No. 91248336 (the "Opposition"). The TTAB issued a decision in the Opposition on September 19, 2024.

On November 18, 2024, Plaintiff initiated the above-captioned proceeding seeking *de novo* judicial review of the TTAB's final decision in the Opposition under section 21(b)(1) of the Lanham Act, 15 U.S.C. § 1071(b)(1), and asserting claims for trademark infringement against Defendants pursuant to Lanham Act § 32(1), 15 U.S.C. § 1114(1). Pursuant to the Court's Order (Doc. 20), Cooper timely filed an Answer to Jockey's Complaint on February 17, 2025 (Doc. 23).

On February 17, 2025, Cooper initiated a separate proceeding with this Court, *Cooper v. Jockey International, Inc.*, captioned 1:25-cv-00811-TRJ. In that action,

Cooper seeks *de novo* judicial review of the TTAB's final decision in the Opposition under section 21(b)(1) of the Lanham Act, 15 U.S.C. § 1071(b)(1), and asserts claims for trademark infringement and unfair competition under the Lanham Act, the common law, and Georgia state law against Jockey. On March 3, 2025, Cooper filed an Amended Complaint in that action. *Cooper v. Jockey International, Inc.*, 1:25-cv-00811-TRJ, Amended Complaint, ECF Doc. 6 (N.D. Ga. Jun. 6, 2025). Jockey signed and Cooper filed a waiver of service on May 8, 2025 and May 19, 2025, respectively. *Cooper v. Jockey International, Inc.*, 1:25-cv-00811-TRJ, Waiver of Service, ECF Doc. 9 (N.D. Ga. Jun. 6, 2025). Jockey timely filed an Answer to Cooper's Amended Complaint on July 7, 2025. *Cooper v. Jockey International, Inc.*, 1:25-cv-00811-TRJ, Answer, ECF Doc. 15 (N.D. Ga. Jun. 6, 2025).

On the Court's Order, both actions have been together referred to Judge Regina D. Cannon for purposes of conducting a mediation on August 19, 2025. (Doc. 33); *Cooper v. Jockey International, Inc.*, 1:25-cv-00811-TRJ, Order, ECF Doc. 14 (N.D. Ga. Jun. 6, 2025).

Because these two proceedings involve the same parties, arise out of the same set of facts, share the same questions of law, and seek *de novo* judicial review of the same underlying TTAB decision, the Parties conferred and agreed to pursue

consolidation, and now respectfully submit the present Joint Motion to Consolidate and for an Amended Consolidated Scheduling Order.

For clarity, the Parties agree that the claims, counterclaims, defenses, and affirmative relief asserted by each party in their respective pleadings shall be preserved and adjudicated in the consolidated action. To the extent that Cooper's claims in Case No. 1:25-cv-00811-TRJ are not independently docketed after consolidation, they shall be deemed asserted as counterclaims in the consolidated case for all purposes, including dispositive motion practice and trial.

## LEGAL STANDARD AND ARGUMENT

### A. Consolidation Is Proper

Federal Rule of Civil Procedure 42 provides that if "actions before the court involve a common question of law or fact," the court may (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a). Rule 42 is "a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citations and internal punctuation omitted). The decision to consolidate cases is committed to the sound discretion of the trial court. *Bennett v. Ocwen Loan*

*Servicing, LLC*, No. 2:14-cv-170-WCO-JOF, 2016 WL 4267629, at *3 (N.D. Ga. June 13, 2016) (citing Fed. R. Civ. P. 42(a) and *Hendrix*, 776 F.2d at 1495).

In determining whether consolidation is appropriate, courts in this district assess "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Id.* (quoting *Hendrix*, 776 F.2d at 1495 (alteration in original) (internal quotation marks and citation omitted)). Courts in this district have granted motions to consolidate where two cases involve the same parties and arise from the same facts. *See Shaw v. Emory Univ.*, No. 1:24-cv-4475-ELR-CMS, 2025 WL 235597, at *1 (N.D. Ga. Jan. 7, 2025) (granting motion to consolidate cases). Courts in this district have also deemed consolidation appropriate where the actions (1) share common questions of fact and law, (2) where consolidation will result in lowered costs for both parties, and (3) when the proceedings to be consolidated are in similar stages of litigation. *See Doherty-Heinze v. Chrisley*, No. 3:22-cv-172-TCB, 2023 WL 2373498, at *5 (N.D. Ga. Jan. 9, 2023).

Any risk of prejudice in the present requested consolidation, and any risk of confusion, is overborne by the risk of inconsistent adjudications of common factual issues, should the proceedings be litigated separately. Jockey's claims and Cooper's claims arise out of the same facts concerning the Parties' use of certain trademarks at issue in both cases, as well as out of the final decision of the underlying Opposition. The cases raise the same questions of trademark law. In addition, identical parties are involved in both proceedings, and the witnesses and evidence required for the Parties' claims in the proceedings are identical or nearly identical. Consolidation will therefore avoid unnecessary costs for both the Court and the Parties by avoiding duplicative proceedings. Finally, both proceedings are in the early stages of litigation prior to the close of discovery, and are therefore well-suited for consolidation without the infliction prejudice on any party.

### B. Motion for Amended Consolidated Scheduling Order

In order to facilitate the most efficient progression of the consolidated action, the Parties request that the Court enter an Amended Consolidated Scheduling Order setting the following deadlines, consistent with the eight-month discovery period granted in the above-captioned case, set from the date pleadings in the later-filed action were complete, when Jockey timely filed its Answer to Cooper's Amended Complaint on July 7, 2025:

| Initial disclosures | August 6, 2025 |
|---|---|
| End of fact discovery | March 7, 2026 |
| Motions for summary judgment | April 6, 2026 |

WHEREFORE, the Parties respectfully request that the Court grant this Joint Motion for Consolidation and for Amended Consolidated Scheduling Order and consolidate the actions; direct the Clerk to maintain files of the consolidated actions in the above-captioned proceeding, Civil Action No. 1:24-cv-05294-TRJ; direct the Clerk to close the later-filed action, *Cooper v. Jockey International, Inc.*, 1:25-cv-811-TRJ; and enter the Parties' Proposed Amended Consolidated Scheduling Order, as set forth in the Proposed Order filed with this motion.

Dated this 1st day of August, 2025.

| | |
|---|---|
| */s/ Neil A. Brunetz* | */s/ Stephen M. Katz* |
| Neil A. Brunetz | Stephen M. Katz |
| GA Bar No. 090799 | GA Bar No. 409065 |
| Matthew A. Nanninga | THE KATZ LAW GROUP, LLC |
| GA Bar No. 159070 | 137 Johnson Ferry Road |
| DREW ECKL & FARNHAM, LLP | Suite 2230 |
| 303 Peachtree Street NE, Suite 3500 | Marietta, GA 30068-4949 |
| Atlanta, GA 30308 | Tel: 770.988.8181 |
| Tel: (404) 885-1400 | smkatz@katz.legal |
| brunetzn@deflaw.com | |
| nanningam@deflaw.com | |

| | |
|---|---|
| Johanna M. Wilbert* <br> Nathan J. Oesch* <br> QUARLES & BRADY LLP <br> 411 East Wisconsin Ave., Suite 2400 <br> Milwaukee, WI 53202 <br> Tel: (414) 277-5100 <br> johanna.wilbert@quarles.com <br> nathan.oesch@quarles.com <br> *admitted pro hac vice <br> *Attorneys for Plaintiff Jockey International, Inc.* | Dayna C. Cooper <br> *(admitted pro hac vice)* <br> COOPER LEGAL, LLC <br> 1 Olympic Place, Suite 900 <br> Towson, MD 21204 <br> Tel: 202.642.5470 <br> Dayna@CooperLegalSolutions.com <br> *Attorneys for Defendants Lamont D. Cooper and Black Jockey Company* |

## CERTIFICATE OF COMPLIANCE

Counsel for Plaintiff hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(C): Times New Roman (14 point).

This 1st day of August, 2025.

*/s/ Neil A. Brunetz*
Neil A. Brunetz, GA Bar No. 090799
Matthew A. Nanninga, GA Bar No. 159070
DREW ECKL & FARNHAM, LLP
303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308
Tel: (404) 885-1400
brunetzn@deflaw.com
nanningam@deflaw.com

*/s/ Johanna M. Wilbert*
Johanna M. Wilbert*
Nathan J. Oesch*
QUARLES & BRADY LLP
411 East Wisconsin Ave., Suite 2400
Milwaukee, WI 53202
Tel: (414) 277-5100
johanna.wilbert@quarles.com
nathan.oesch@quarles.com
*admitted pro hac vice

*Attorneys for Plaintiff Jockey International, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day filed **Joint Motion to Consolidate and for Amended Consolidated Scheduling Order** with the Clerk of Court, using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

| | |
|---|---|
| Dayna C. Cooper | Stephen M. Katz |
| COOPER LEGAL, LLC | The Katz Law Group, LLC |
| 1 Olympic Place, Suite 900 | 137 Johnson Ferry Road |
| Towson, MD 21204 | Suite 2230 |
| Dayna@CooperLegalSolutions.com | Marietta, GA 30068-4949 |
| | smkatz@katz.legal |

This 1st day of August, 2025

*/s/ Neil A. Brunetz*
Neil A. Brunetz, GA Bar No. 090799
Matthew A. Nanninga, GA Bar No. 159070
DREW ECKL & FARNHAM, LLP
303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308
Tel: (404) 885-1400
brunetzn@deflaw.com
nanningam@deflaw.com

*/s/ Johanna M. Wilbert*
Johanna M. Wilbert*
Nathan J. Oesch*
QUARLES & BRADY LLP
411 East Wisconsin Ave., Suite 2400
Milwaukee, WI 53202
Tel: (414) 277-5100
johanna.wilbert@quarles.com
nathan.oesch@quarles.com
*admitted pro hac vice

*Attorneys for Plaintiff Jockey International, Inc.*

15561750v1
37517-296193