# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Jockey International, Inc., *Plaintiff,* v. Lamont D. Cooper and Black Jockey Company, *Defendants*. | Case No. 1:24-cv-05294-TRJ consolidated with Case No. 25-cv-00811-TRJ |

**EXHIBIT A TO JOINT MOTION IN SUPPORT OF ENTRY OF FINAL CONSENT DECREE – [PROPOSED] FINAL CONSENT DECREE**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Jockey International, Inc., <br><br> *Plaintiff,* <br><br> v. <br><br> Lamont D. Cooper and Black Jockey Company, <br><br> *Defendants*. | Case No. 1:24-cv-05294-TRJ consolidated with Case No. 25-cv-00811-TRJ |

## [PROPOSED] FINAL CONSENT DECREE

Plaintiff Jockey International, Inc. ("Jockey") and Defendants Lamont D. Cooper ("Cooper") and Black Jockey Company ("BJC", and, collectively with Cooper, "Defendants"), having resolved the matters at issue between them in this case, Case No. 24-cv-05294-TRJ, and the case consolidated with this one, Case No. 25-cv-00811-TRJ (collectively, the "Litigation"), hereby consent to the entry of this Consent Decree to effectuate their settlement as follows:

### BACKGROUND[1]

---

[1] The information set forth in the background section is agreed on only for purposes of effectuating settlement and this Consent Decree. The statements in the Background Section shall not be construed as an adjudication on the merits of any of the claims or marks at issue in the Opposition or the Litigation, including the priority, validity, enforceability, or historical use of any of the marks at issue.

2

1.      On April 4, 2018, Cooper filed a federal trademark application, Serial

No. 87863113, in the U.S. Patent and Trademark Office to register the following

mark depicted below referred to as The Black Jockey Mark:



2.      Jockey has registrations for the following marks:

| Mark | Reg./App. No. |
|---|---|
| (the "1960s Half Jockey Mark") | 0711570 |

| Mark | Reg./App. No. |
|---|---|
| (the "1960s Full Jockey Mark") | 0768840 |
| (the "2011 Full Jockey Mark") | 4471345 |
| (the "2011 Composite Jockey Mark") | 4641620 |
| | 5984914 |

4

| Mark | Reg./App. No. |
|------|---------------|
| (the "JOCKEY Seal") | |

3.    Jockey opposed registration of the Black Jockey Mark by filing a notice of opposition, Opposition No. 91248336 (the "Opposition") with the Trademark Trial and Appeal Board (the "Board") on May 22, 2019, alleging that The Black Jockey Mark infringed Jockey's rights in the 1960s Half Jockey Mark, the 1960s Full Jockey Mark, the 2011 Full Jockey Mark, the 2011 Composite Mark, and the Jockey Seal.

4.    In the Opposition, Cooper asserted counterclaims, alleging that The Black Jockey Mark did not infringe Jockey's rights, that certain of Jockey's marks were invalid, and that certain of Jockey's marks infringed Defendants' rights in certain marks.

5.    The Board issued an opinion in the Opposition on September 19, 2024, in which the Board found, among other things, that:

      a.    The 1960s Half Jockey mark should be cancelled due to abandonment;

      b.    The 1960s Full Jockey Mark should be cancelled due to abandonment;

      c.    The 2011 Full Jockey Mark should be cancelled as to certain goods due to abandonment;

d.    The JOCKEY Seal Mark should be cancelled because of a likelihood of confusion; and

e.    Sustained Jockey's opposition to registration of The Black Jockey Mark.

**VACATUR OF THE BOARD'S ORDER**

6.    Jockey believes the Board's Order erred in a number of material respects and, pursuant to 15 U.S.C. § 1071(b), appealed the Board's Order in a civil action before this Court requesting that this Court reverse the Board's Order in part. In addition, Jockey asserted a claim for trademark infringement against Defendants.

7.    Separately, Defendants appealed the Board's Order in a civil action before this Court in Case No. 25-cv-00811-TRJ, seeking a partial reversal of the Board's Order based on a belief that the Board erred in its Order. In addition, Cooper asserted claims for false designation of origin, common law trademark infringement, violation of Georgia's Uniform Deceptive Trade Practices Act, and violation of Georgia's Law Against Unfair Competition.

8.    The parties acknowledge and agree that the Board's Order should be vacated.

9.    The parties have agreed to jointly request vacatur of the Board's Order in Opposition No. 91248336, based on their position that exceptional

circumstances exist, including that vacatur is a necessary condition of settlement and that the parties' interest in settlement outweighs any social value of the Board's non-precedential Order.

10.    The parties agree that this Consent Decree is entered solely to effectuate settlement and shall not be construed as an adjudication on the merits of any claim or defense at issue in the Opposition or the Litigation. Further, nothing in this Consent Decree shall be construed to create any license, admission of liability, or waiver of rights beyond those expressly stated herein.

11.    The parties have also reached a settlement regarding the other claims at issue in the Litigation. Pursuant to the terms of the parties' settlement agreement, Jockey's complaint in Case No. 24-cv-05294-TRJ will be dismissed with prejudice and Defendants' complaint in Case No. 25-cv-00811-TRJ will be dismissed with prejudice. In addition, pursuant to the terms of the parties' settlement agreement, Cooper will withdraw his application for The Black Jockey Mark, Serial No. 87863113.

12.    Counsel for all parties consent to the terms of, and agree to the form of and entry of, this Consent Decree.

**For Plaintiff Jockey International, Inc.**

/s/   *Nick Infusino*

Name

Corporate Representative for Jockey

Date:  June 10, 2026

**For Defendants Lamont D. Cooper and Black Jockey Company**

/s/ *Lamont Cooper*

Lamont D. Cooper

Corporate Representative for Black Jockey Company

Date:   5/27/2026

/s/   *Neil A. Brunetz*

Neil A. Brunetz, GA Bar No. 090799
Matthew A. Nanninga, GA Bar No. 159070
DREW ECKL & FARNHAM, LLP
303 Peachtree Street NE, Suite 3500
Atlanta, GA 30308
Tel: (404) 885-1400
brunetzn@deflaw.com
nanningam@deflaw.com

*Attorneys for Plaintiff Jockey International, Inc.*

Date:    June 10, 2026

/s/   **Stephen M. Katz**

Stephen M. Katz
GA Bar No. 409065
THE KATZ LAW GROUP, LLC
137 Johnson Ferry Road
Suite 2230
Marietta, GA 30068-4949
Tel:  770.988.8181
smkatz@katz.legal

*Attorneys for Defendants Lamont D. Cooper and Black Jockey Company*

Date:    **5/27/2026**

8

/s/ *Johanna M. Wilbert*

Johanna M. Wilbert*
Nathan J. Oesch*
QUARLES & BRADY LLP
411 East Wisconsin Ave., Suite 2400
Milwaukee, WI 53202
Tel: (414) 277-5100
johanna.wilbert@quarles.com
nathan.oesch@quarles.com
*admitted pro hac vice*

*Attorneys for Plaintiff Jockey*
*International, Inc.*

Date: June 10, 2026

/s/

Dayna C. Cooper
(admitted pro hac vice)
COOPER LEGAL, LLC
1 Olympic Place, Suite 900
Towson, MD 21204
Tel:  202.642.5470
Dayna@CooperLegalSolutions.com

*Attorneys for Defendants Lamont D.*
*Cooper and Black Jockey Company*

Date: May 27, 2026

9

**CONSENT DECREE**

THEREFORE, IT IS HEREBY **ORDERED** THAT:

A.      The Board's September 19, 2024 Order is **VACATED**. The Trademark Trial and Appeal Board is directed to vacate its non-precedential September 19, 2024, order in Opposition No. 91248336. *Bd. of Trs. of the Univ. of Alabama v. Houndstooth Mafia Enters. LLC*, 163 F. Supp. 3d 1150 (N.D. Ala. 2016); *see also* 15 U.S.C. § 1071(b)(1); 28 U.S.C. § 2106.

B.      Upon confirmation that the Trademark Trial and Appeal Board has vacated the September 19, 2024 Order, the Clerk is directed to enter a judgment dismissing Case No. 24-cv-05294-TRJ with prejudice and Case No. 25-cv-00811-TRJ with prejudice.

C.      Each party will bear its own costs and attorneys' fees associated with this litigation.

D.      The parties further agree that vacatur will not adversely impact any third-party reliance or public interest because the Board's decision is non-precedential.

**SO ORDERED** this __th day of _____, 2026.